19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Anthony REED, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; John Jabe; Frank Elo; Quincie Cooper,
Defendants-Appellees.
 No. 93-1602.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Mark Anthony Reed, pro se, appeals a district court order granting summary judgment in favor of the defendants in this civil rights complaint filed under 42 U.S.C. Sec. 1983. The defendants include the former Director of the Michigan Department of Corrections, the warden and a deputy warden at the State Prison of Southern Michigan (SPSM), and a resident unit manager who was also a transcase processor at SPSM at the time of the alleged incident.
 
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The district court certified that an appeal would be in good faith, allowing Reed to proceed in forma pauperis. 28 U.S.C. Sec. 1915(a).
 
 
 3
 In his complaint, Reed alleged that on September 10, 1990, he was stabbed in the neck, right side and left shoulder while returning to his cell block from the "yard" at SPSM. Reed alleged that he had previously informed defendants Brown, Elo and Cooper that he had enemies in the prison, but that these officials had ignored his correspondence and information provided to them that he feared for his life at that facility. Reed requested $150,000 and injunctive relief in the form of being housed in the protective unit whenever transferred to SPSM. The case was referred to a magistrate judge, who found that the defendants had not been deliberately indifferent to Reed's situation and who further found that, even if the defendants' actions could be considered negligent, this was not enough to establish a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. The district court considered this report and recommendation de novo as well as the plaintiff's objections to the report and granted summary judgment to the defendants.
 
 
 4
 On appeal, Reed argues that the district court failed to liberally construe his pro se complaint and to consider his pro se status. Reed also argues that the district court overlooked information and documents showing that he had written letters to Elo, Brown, and the Department of Corrections prior to his arrival at SPSM, informing them that he had potential enemies at that facility. Reed further alleges that Cooper's statement is false, that during Reed's initial screening at SPSM, she checked the computer records for names of three potential enemies of Reed that may have been housed at SPSM. Lastly, Reed alleges that, contrary to the magistrate judge's finding, he never received any Notice Of Intent for placement in protective custody during any prison hearings.
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). The legal standard applicable to determining whether a violation of the Eighth Amendment occurred within the context of an assault upon an inmate is whether the defendant's conduct amounted to "deliberate indifference" to a risk of injury to the plaintiff. Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993) (quoting Whitley v. Albers, 475 U.S. 312, 318 (1986)). While an express intent to inflict unnecessary pain is not required to establish "deliberate indifference," it is obduracy and wantonness, and not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993) (quoting Marsh v. Arn, 937 F.2d 1056, 1060 (6th Cir.1991)).
 
 
 6
 Any information that Reed supplied to prison officials in regard to potential enemies at SPSM was vague and insufficient to raise a jury question as to whether the defendants had actual knowledge of a genuine or "specific" risk of harm, in order to consider whether the defendants' actions constituted deliberate indifference. Marsh, 937 F.2d at 1060. Without more specific information, it cannot be said that the defendants acted with obduracy and wantonness in failing to protect Reed from potential, yet unknown, enemies.
 
 
 7
 Accordingly, the district court's order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.